NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 1030

CRAIG STEPHEN DOUGHERTY

VERSUS

SHIRENE RHAJAH DOUGHERTY

*Judgment Rendered:*

MAY 1 8 2022.

* * * * * * * *

Appealed from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Case No. 2016-14375, Division L

The Honorable, Dawn Amacker, Judge Presiding

* * * * * * * *

Andrew T. Lilly
New Orleans, Louisiana

Counsel for Plaintiff/Appellant
Craig Stephen Dougherty

Jeffrey W. Bennett
River Ridge, Louisiana

Georgia K. Thomas
Rebecca Gilson
Hammond, Louisiana

Counsel for Defendant/Appellee
Shirene Rhajah Dougherty

* * * * * * * *

BEFORE: McCLENDON, WELCH, AND THERIOT, JJ.

**THERIOT, J.**

Craig Stephen Dougherty ("Mr. Dougherty") appeals the May 13, 2021 judgment awarding Shirene Rhajah Dougherty ("Ms. Dougherty") $9,351.23 in attorney's fees. For the following reasons, we vacate and remand.

## FACTUAL AND PROCEDURAL HISTORY

This case arises out of the same facts that are the subject of *Craig Stephen Dougherty v. Shirene Rhajah Dougherty*, 2021-0433 (La. App. 1st Cir. 3/29/2022), 2022 WL 909236, which will be referred to as *Dougherty I*. In *Dougherty I*, the trial court sustained Ms. Dougherty's peremptory exception raising the objection of no cause of action, overruled Ms. Dougherty's peremptory exception raising the objection of prescription as moot, denied Mr. Dougherty's motion for new trial, and granted Ms. Dougherty's request for sanctions in part and "continued" the request in part to fix the amount of sanctions at a hearing on September 15, 2020. Thereafter, on November 19, 2020, the trial court issued a judgment awarding Ms. Dougherty sanctions against Mr. Dougherty in the amount of $5,500.00 as attorney's fees and $447.81 as costs incurred by Ms. Dougherty in responding to the motion for new trial.

On October 15, 2020, Ms. Dougherty filed a rule to show cause, seeking for Mr. Dougherty to pay all of her costs, expenses and actual attorney's fees incurred pursuant to the Consent Judgment[1] of the parties. Ms. Dougherty asserted that she was entitled to actual attorney's fees incurred since the filing on February 21, 2020, which was the date that Mr. Dougherty's motion for new trial was filed. The Consent Judgment states, in pertinent part,

---

[1] On January 11, 2017, the parties filed in the trial court a **"CONSENT JUDGMENT ON SEPARATION OF PROPERTY AND POST-NUPTIAL AGREEMENT"** ("Consent Judgment"). In the Consent Judgment, the trial court dismissed Mr. Dougherty's divorce petition with prejudice. The parties stated that they had reconciled and wanted to terminate the legal regime and to create a separate property regime. They stated that they were judicially partitioning their community property. The Consent Judgment was signed by each party before a notary on December 20, 2016, and December 27, 2016. The trial court signed the Consent Judgment on January 17, 2017. *Dougherty I*, 2021-0433 at p. 2.

2

The parties agree that should either party institute any action or proceeding to enforce any provision of this contract or for damages by a reason of alleged breach of any provision of this Post-nuptial Marriage Contract, or for any other judicial proceeding, the losing party shall pay all such costs, expenses and actual attorney fees incurred by the prevailing party.

A hearing on the rule to show cause was held on April 20, 2021, and the trial court rendered judgment on May 13, 2021. The trial court awarded Ms. Dougherty an additional $9,351.23 in attorney's fees and indicated that the total amount of attorney's fees owed to Ms. Dougherty by Mr. Dougherty was $14,851.23.[2] It is from this judgment that Mr. Dougherty appeals.

## ASSIGNMENT OF ERROR

Mr. Dougherty contends that the trial court erred in awarding Ms. Dougherty an additional $9,351.23 in contractual attorney's fees.

## ANSWER TO APPEAL

On August 27, 2021, Ms. Dougherty filed an answer to this appeal. In her answer, Ms. Dougherty contends that she is aggrieved by the amount of damages awarded in the judgment of the trial court, that the judgments appealed from by Mr. Dougherty should be modified to increase the amount of damages to include all attorney fees and costs incurred in the present appeal and any other appeal in this matter, and that, in all other respects, the judgment of the trial court should be affirmed without change.

## DISCUSSION

In *Dougherty I*, a separate panel of this court reversed the part of the June 16, 2020 judgment that sustained Ms. Dougherty's peremptory exception raising the objection of no cause of action, denied Mr. Dougherty's motion for new trial, and granted in part Ms. Dougherty's request for sanctions. The Court also reversed

---

[2] On November 19, 2020, the trial court issued a judgment awarding Ms. Dougherty sanctions against Mr. Dougherty in the amount of $5,500.00 as attorney's fees and $447.81 as costs incurred by Ms. Dougherty in responding to the motion for new trial. The total amount of attorney's fees owed to Ms. Dougherty by Mr. Dougherty, including the November 19, 2020 and May 13, 2021 judgments, totaled $14,851.23.

the trial court's November 19, 2020 judgment awarding Ms. Dougherty sanctions in the amount of $5,500.00 as attorney's fees and $447.81 as costs. *Dougherty I*, 2021-0433 at p. 14. The Court further remanded with instructions for the trial court to determine if Mr. Dougherty's motion for new trial was timely filed under La. C.C.P. arts. 1913 and 1974 and determine if the Consent Judgment is a nullity under *Radcliffe 10, L.L.C. v. Burger*, 2016-0768 (La. 1/25/17), 219 So. 3d 296, and La. C.C. arts. 2030, 2031, and 2329.[3] *Dougherty I*, 2021-0433 at pp. 11,14-15.

In this appeal, Mr. Dougherty contends that the trial court erred in awarding Ms. Dougherty an additional $9,351.23 in contractual attorney's fees. The trial court's award of the additional $9,351.23 to Ms. Dougherty stems from a provision in the Consent Judgment. Thus, pursuant to this Court's decision in *Dougherty I*, wherein another panel of this Court reversed a portion of the trial court's June 16, 2020 judgment and the trial court's November 19, 2020 judgment with instructions for the trial court to determine if Mr. Dougherty's motion for new trial was timely filed and whether the Consent Judgment is a nullity, the May 13, 2021 judgment awarding Ms. Dougherty $9,351.23 in attorney's fees is premature and must be vacated and remanded for further proceedings. See *Dougherty I*, 2021-0433 at pp. 14-15. The determination that the May 13, 2021 judgment is vacated and the matter remanded renders Ms. Dougherty's answer to the appeal moot. We therefore deny Ms. Dougherty's answer to this appeal as moot.

**DECREE**

The May 13, 2021 judgment awarding Shirene Rhajah Dougherty $9,351.23 in attorney's fees is vacated and the matter is remanded. The answer to the appeal by Shirene Rhajah Dougherty is denied. Each party to bear their own costs.

**VACATED AND REMANDED; ANSWER TO APPEAL DENIED.**

---

[3] *Dougherty I*, 2021-0433 at p. 15, states "La. C.C. arts. 2029, 2030, 2331." However pursuant to the discussion earlier in the case, it is apparent that the correct articles are La. C.C. arts. 2030, 2031, and 2329. See *Dougherty I*, 2021-0433 at p. 11.